**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SEAN MCCAIN, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CASE NUMBER: 1:21-cv-00231 |
| | § | |
| | § | |
| ABSOLUTE RESOLUTIONS | § | |
| INVESTMENTS, LLC, | § | |
| *Defendant* | § | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.  Sean McCain ("Plaintiff" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), to obtain statutory and actual damages, and other relief for violations of the FDCPA against Defendant, Absolute Resolutions Investments, LLC ("Absolute" or "Defendant" herein), and will show as follows:

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, §1337(a), and pursuant to 28 U.S.C. §1367 to the extent Plaintiff alleges any state law claim(s).

3.  Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because Defendant transacts business in this district and has designated a registered agent for service in Austin, Texas.

## STANDING

4.  Plaintiff has suffered an injury in fact that is traceable to Absolute's conduct and

that is likely to be redressed by a favorable decision in this matter.

5.  Specifically, Plaintiff suffered a concrete economic injury to the extent that

he has viable claims under Texas Debt Collection Act ("TDCA"), Chapter 392 of

the Texas Finance Code, and the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. §1692, *et seq*. Plaintiff further suffered a concrete informational injury as a result of

Defendant Ability's failure to provide truthful information on Plaintiff's credit report

in connection with an attempt to collect an alleged debt from Plaintiff.

## THE PARTIES

6.  Plaintiff, Sean McCain, is an individual who resides in Texas.

7.  Defendant, Absolute Resolutions Investments, LLC, is a foreign corporation organized

and existing under the laws of the State of Arizona, and is authorized to do business in Texas and

may be served with process by serving its registered agent as follows:

> Corporation Service Company dba CSC-Lawyers Incorporating Service Company
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8.  Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA and

a "consumer" as that term is defined by § 392.001(1) of the TDCA.

9.   Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, for monies Absolute claims are credit card balance with CitiBank, N.A. ("alleged debt" herein). The alleged debt is thus both a "debt" as that term is defined at §1692a(5) of the FDCPA and a "consumer debt" as that term is defined at §392.001(2) of the TDCA.

10.  Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11.  Absolute purported acquired the alleged debt sometime thereafter.

12.  Absolute is in the business of purchasing and collecting defaulted consumer debts originally owed to other entities. Absolute is thus a "debt collector" as that term is defined at §1692a(6) of the FDCPA and a "third-party debt collector" as that term is defined at §392.001(7) of the TDCA.

13. On or about October 30, 2020, Absolute transmitted adverse information related to the alleged debt to Transunion.

14. On or about November 18, 2020, Plaintiff, by and through the undersigned counsel, notified Absolute by and through its counsel, Scott & Associates, P.C., by letter ("Letter" herein) that Plaintiff formally disputed the alleged debt as it was referenced on his credit report (See Exhibit A and partially redacted in accordance with FRCP 5.2).

15. On or about November 19, 2020, Absolute, by and through its counsel, Scott & Associates, P.C., sent a letter to the undersigned counsel for Plaintiff with an acknowledgment of the dispute.

16.  Nevertheless, on or about December 24, 2020, Absolute transmitted information to Transunion falsely stating that the account for the alleged debt was *previously in dispute-now resolved,* notwithstanding the fact that Absolute and Plaintiff had not reached any resolution with Absolute.

17. Moreover, on or about January 7, 2021, Absolute filed suit against Plaintiff in connection to the alleged debt in a lawsuit styled *Absolute Resolutions Investments, LLC v. Sean McCain*, Cause #J1-CV-21-000060, Travis County Justice of the Peace, Precinct #1.

18. The transmission of credit reporting information to Transunion is a communication" as that term is defined in 15 U.S.C. §1692a(2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

19. Absolute regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

## COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692e(8)

20.  Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

21.  15 U.S.C. §1692e(8) of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

22.  Absolute violated 15 U.S.C. §1692e(8) by transmitting to Transunion false information that the dispute of the alleged debt was resolved *(previously in dispute-now resolved)*, when there was still an ongoing dispute with no resolution.

23.  Indeed, the fact that Absolute filed suit against Plaintiff almost immediately after receipt of the alleged debt is further an indication that it was aware there was no resolution of the matter and there was an obvious dispute.

24.  The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)).  As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

25.  Plaintiff further alleges actual damages by virtue of damages to his credit report.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692f

26.  Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

27.  15 U.S.C. §1692f of the FDCPA provides as follows:

### UNFAIR PRACTICES

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

28.  Absolute voluntarily elected to report adverse account information about Plaintiff to Plaintiff's credit bureaus with the apparent purpose of coercing Plaintiff to pay the underlying debt and to facilitate the collecting debts from Plaintiff and other consumers.

29.  The failure of Absolute to properly communicate that there is/was a dispute to the credit bureau in conjunction with filing a suit on the alleged debt, constitutes unfair practices. Moreover, such practices are also unfair to "debt collectors who refrain from using abusive debt collection practices" to debtors who are competitively dis advantaged.

## COUNT III—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

30.  Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

31.  Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

**(a)  Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

**8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

32.  Plaintiff alleges Absolute violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the transmission of false credit information to Transunion regarding the balance of the alleged debt.

33.  Plaintiff alleges he has actual damages as a result of the foregoing violations.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

34.  Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders Absolute to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEYS' FEES

35.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA, TDCA, and any other statutory or common law basis.

## TRIAL BY JURY

36.  Plaintiff is entitled to and hereby demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sean McCain, respectfully prays that the Defendant, Absolute Resolutions Investments, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant as follows:

a. Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant Absolute to correct the improper reporting of the alleged debt on all of the credit bureaus of Plaintiff;

b. The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

c. The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b);

d.  The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. §1692(k)(a)(1) and (a)(2) and any other applicable provision;

e.  The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692(k)(a)(3) and any other applicable statute or legal basis;

f.  The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

g.  The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080    Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Sean McCain*